ORDER AFFIRMING ENROLLMENT COMMITTEE DETERMINATION
KATHARINE ENGLISH, Chief Judge.
I. ISSUE PRESENTED
Petitioner is appealing the Enrollment Committee’s decision to deny her applica *234 tion for enrollment in the Confederated Tribes of the Grand Ronde Community of Oregon. Ms. Young’s claims on appeal are (1) that the Tribe’s Constitutional amendment is unconstitutional under federal law because it denies membership to new applicants who have the same blood quantum as other family members who appear on the Tribal Membership Roll; (2) that the application of the amendment is arbitrary and capricious because it denies membership to new applicants who have the same blood quantum as other family members who appear on the Tribal Membership Roll; (3) that the Constitutional amendment creates impossible eligibility requirements for applicants, and (4) that the Tribal Council’s record keeping in regards to the applicants’ case has been arbitrary and capricious.
II.BACKGROUND
On July 27, 1999, the Bureau of Indian Affairs (BIA) conducted an election by eligible Tribal members to amend the Tribal Constitution. At the election, the amendment was approved by a considerable majority of the Tribal membership. On September 14, 1999, the Secretary of the Interior approved the amendment and it became effective. The amendment altered and in certain respects increased the Tribal membership requirements. Following the effective date of the amendment, the Tribal Enrollment Committee applied that amendment to pending applications for Tribal membership, including Petitioner’s application filed on November 30, 1999.
The Enrollment Committee reviewed the Ms. Young’s enrollment application and denied the application because she did not meet the new Constitutional enrollment requirement that she have a parent who was a Tribal member at the time of her birth. Ms. Young was born in 1928, and her mother died in 1994. The record includes no evidence that her parents, primarily her mother, were ever enrolled in the Tribe anytime before or after her birth. Ms. Young was informed of the Enrollment Committee’s initial decision by letter dated March 10, 2000 signed by the Tribal Council Chairperson. Ms. Young requested the Enrollment Committee reconsider its decision by letter. The Committee met to consider Ms. Young’s appeal of its initial decision and decided to uphold its earlier decision of denial. Ms. Young was informed of the Enrollment Committee’s decision on reconsideration by letter. Ms. Young then appealed the Enrollment Committee’s decision to this Court.
Petitioner has claimed, as set forth above, that the Enrollment Committee’s decision was wrong. Petitioner has asserted her claims and why she believes the decision was in error. The Court assures Petitioner that it has read the record individually, and has carefully considered this case separately on its own merits.
III.STANDARD OF REVIEW
In these proceedings, the Court’s standard of review is limited. The Court can reverse or remand only if it finds that the Enrollment Committee’s decision was “arbitrary and capricious or a violation of Tribal Constitutional rights.” Enrollment Ordinance § (d)(4)(H).
IV.ANALYSIS
The many cases before the Court involve a myriad of facts and claims. The Court has determined that the cases fall into two general categories: (1) those where the applications for enrollment were filed before the effective date of the Constitutional amendment, i.e. September 14, 1999, and (2) those where the applications were filed after that date. Applicants whose cases fall *235 in the first category are entitled to a remand to the Enrollment Committee to allow the Committee to reconsider the applications under the terms of the former Constitutional requirements for Tribal membership.[1] Petitioner’s case falls into the second category and therefore Petitioner cannot prevail in this proceeding given the limitations on the Court’s scope of review and the deference to which the Tribe, its Tribal Council, and its Enrollment Committee are entitled.
Petitioner is not entitled to a remand or to have her application considered under the terms of the former Constitutional provision. Petitioner has advanced a number of claims, but none of them is legally persuasive and one or more of which do not fit within the Court’s limited standard of review.
The issues which then arise for this Petitioner are whether the new Constitutional amendment, or the application of it to Petitioner’s case, is arbitrary or capricious or violates any Tribal Constitutional rights, or whether there are any other claims which support a reversal or remand in this case.
Blood Quantum. Petitioner claims that the Tribe has erred, in part, by excluding some members of the family whose blood quantum is the same as other members. However, the Tribal membership has broad authority to determine its membership qualifications, even when the results may appear to be unfair. The fact that the Petitioner did not apply for membership when she may have qualified is not within this Court’s power to remedy.
Due Process and Equal Protection. The Tribe did not deprive Petitioner of due process by considering their applications under the new amendment. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 61, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (under state workers’ compensation system, claimants do not have a property interest in payments for medical treatments for which they are eligible, but to which they are not yet entitled). Applying the new amendment also did not result in any equal protection violation. The Tribe has “the right to define its own membership for tribal purposes,” Santa Clara Pueblo v. Martinez, 436 U.S. 49, 72 n. 32, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978), and the Tribe was simply exercising that right, and drawing reasonable distinctions, when its members voted to amend the Constitution.
Petitioner claims that the new requirements are impossible to meet — that no person born during Termination could have a parent on the rolls of membership, as required now, as there was no membership roll during Termination. In fact, it appears that many persons born during Termination have been deemed to have a parent on the rolls — the roll as it existed at the time of Termination, and which was then earned over to the time of Restoration. This Court cannot repair the oversights of eligible members who could have, but did not, enroll prior to Termination.
The facts of this case are extremely sympathetic, as Ms. Young’s family on the mother’s side has been involved in Tribal matters for generations, and several family members are enrolled Tribal members. However, she advances no successful legal challenge to the new amendment’s application in his case.
Tribal Negligence. In addition, Petitioner claims that the Tribe was negligent in *236 its duty to keep records properly in these enrollment cases. Even if the Tribe has such a duty, this Court has no legal authority to determine or remedy alleged Tribal negligence.
That the Court has not accepted the arguments and pleas of many of the Petitioners in these cases does not mean that the Court is not moved by Petitioners’ often poignant complaints that families have been split, with some in the Tribe and some not, and that individuals have been cut off from a Tribe and a heritage that is meaningful and significant to them. But it is the Tribe’s responsibility to define its membership, not the Court’s. If those pleas are to have any effect, they must be made to the Tribal leadership and to the Tribal members who have the authority to shape the membership and the future of the Tribe. The Court has neither the responsibility nor the authority. The Court can only enforce the law, as it has done in this opinion and in these cases
Y. CONCLUSION
The Enrollment Committee’s decision to deny Petitioner’s enrollment application was not arbitrary and capricious or a violation of Petitioner’s Constitutional rights.
IT IS HEREBY ORDERED:
The decision by the Enrollment Committee is affirmed.

. Such opinions are available on the Tribe’s website or through the Tribal Court Clerk's office.